**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| VIVIAN FERNANDES MACHADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  6:23-cv-00297 |
| ) | |
| PROGRESSIVE MANAGEMENT, INC and ) | |
| TRANS UNION, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S COMPLAINT AT LAW**

Plaintiff, VIVIAN FERNANDES MACHADO ("Plaintiff"), by and through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendants, PROGRESSIVE MANAGEMENT, INC. and TRANS UNION, LLC ("Progressive Management" and "Trans Union" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Counts I and II of Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Regulation V, 12 C.F.R. part 1022.

2. Count III Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

3. Count IV of Plaintiff's Complaint is an action for actual and statutory damages for violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

1

## JURISDICTION AND VENUE

4. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of Orlando, Orange County, State of Florida.

7. Plaintiff is a consumer as that term is defined by the FCRA, FDCPA, and FCCPA.

8. Defendant Trans Union is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Florida, is a citizen of the state of Florida.

9. At all relevant times Defendant Trans Union was a "consumer reporting agency" as that term is defined by the FCRA.

10. Defendant Progressive Management is a collection agency and regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Florida, is a citizen of the state of Florida.

11. Defendant Progressive Management is a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

12. Defendant Progressive Management is a debt collector as that term is defined by the FDCPA and FCCPA.

13. Within the last year, Defendant Progressive Management attempted to collect an alleged consumer debt from Plaintiff.

14. Defendant Progressive Management's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant Progressive Management it is assigned an account number.

16. The principal purpose of Defendant Progressive Management's business is the collection of debts allegedly owed to third parties.

17. Defendant Progressive Management regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant Progressive Management sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant Progressive Management acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

**FACTUAL ALLEGATIONS**

21. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

22. Defendant Trans Union has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

23. The inaccurate information of which Plaintiff complains is account, or trade-line, that reflect Plaintiff's history of credit, named: Progressive Management.

24. In or around April 2022, Defendant Progressive Management called Plaintiff on telephone number 407-624-7035.

25. During the immediately above-mentioned conversation:

    a. Defendant Progressive Management demanded payment for the alleged debt.

    b. Plaintiff did not recognize the alleged debt that Defendant sought to collect.

26. In or around April 2022, Plaintiff called Defendant Progressive Management and spoke with one of Defendant Progressive Management's representatives.

27. During the immediately above-mentioned conversation:

    a. Plaintiff requested for Defendant to validate the alleged debt.

    b. Defendant Progressive Management's representative was unable to verify the identity of Plaintiff.

    c. Defendant Progressive Management's representative explained to Plaintiff that they have an account with the same surname as Plaintiff but a different first name than Plaintiff.

28. In or around April 2022, Plaintiff reviewed her credit report through Credit Karma and discovered the Progressive Management account on her credit report.

29. On or about April 27, 2022, Plaintiff sent a dispute letter to Defendant Trans Union, following Defendant Tran Union's established procedure for disputing consumer credit information, informing it of the inaccurate reporting of the trade-line.

30. Plaintiff's dispute explained that the Progressive Management account does not belong to her and that it belongs to someone else with the same surname as her but different first name than her.

31. Plaintiff requested for Defendant Trans Union to correct the inaccuracy on her credit report.

32. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

33. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

34. Upon information and belief, Defendant Trans Union notified Defendant Progressive Management of Plaintiff's dispute and the nature of the dispute.

35. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendant Trans Union, Defendant Progressive Management received notification from Defendant Trans Union of Plaintiff's disputes and the nature of the disputes.

36. Upon information and belief, Defendant Trans Union received the results of Progressive Management's investigation as to Plaintiff's disputes.

37. Upon information and belief, Defendant Trans Union updated the reporting of the account at issue solely based upon the information it received from Defendant Progressive Management in response to Plaintiff's disputes.

38. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

39. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

40. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

41. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Impeded Plaintiff's ability to obtain credit;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

## COUNT I
## DEFENDANT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT

42. Plaintiff repeats and re-alleges paragraphs one (1) through forty-one (41) of Plaintiff's Complaint at Law as the allegations in Count I of Plaintiff's Complaint at Law.

43. Pursuant to 15 U.S.C. §1681e and 15 U.S.C. §1681i, Trans Union is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

44. The conduct of Defendant Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees

and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, VIVIAN FERNANDES MACHADO, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT PROGRESSIVE MANAGEMENT VIOLATED THE FAIR CREDIT REPORTING ACT

45. Plaintiff repeats and re-alleges paragraphs one (1) through forty-one (41) of Plaintiff's Complaint at Law as the allegations in Count II of Plaintiff's Complaint at Law.

46. Defendant Progressive Management violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

   b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    e. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

47. Defendant Progressive Management's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result Defendant Progressive Management is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, VIVIAN FERNANDES MACHADO, respectfully requests judgment be entered against Defendant, PROGRESSIVE MANAGEMENT, INC., for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT III

## DEFENDANT PROGRESSIVE MANAGEMENT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff repeats and re-alleges paragraphs one (1) through forty-one (41) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

49. Defendant Progressive Management violated the FDCPA based on the following:

   a. Defendant Progressive Management violated § 1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant Progressive Management intentionally and/or knowingly attempted to collect an alleged debt from Plaintiff that she does not owe;

   b. Defendant Progressive Management violated § 1692e(2) by falsely representing the character, amount, or legal status of any debt, when Defendant Progressive Management furnished false and inaccurate information about Plaintiff's credit worthiness to credit reporting agencies with respect to the alleged debt;

   c. Defendant Progressive Management violated § 1692e(8) by communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, when Defendant Progressive Management furnished false and inaccurate information about Plaintiff's credit worthiness to credit reporting agencies with respect to the alleged debt;

   d. Defendant Progressive Management violated § 1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt, when Defendant Progressive Management furnished false and inaccurate information

   about Plaintiff's credit worthiness to credit reporting agencies with respect to the alleged debt;

 e. Defendant Progressive Management violated § 1692g(a)(3) of the FDCPA by continuing to assume the validity of the alleged debt, when Defendant Progressive Management did not provide validation of the alleged debt to Plaintiff; and

 f. Defendant Progressive Management violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant Progressive Management engaged in each of the foregoing violations.

WHEREFORE, Plaintiff, VIVIAN FERNANDES MACHADO, respectfully requests judgment be entered against Defendant, PROGRESSIVE MANAGEMENT, LP, for the following:

46. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

47. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

48. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## DEFENDANT PROGRESSIVE MANAGEMENT VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

49. Plaintiff repeats and re-alleges paragraphs one (1) through forty-one (41) of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

50. Defendant Progressive Management violated the FCCPA based on the following:

 a. Defendant violated §559.72(5) of the FCCPA by disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to

11

> know that the other person does not have a legitimate business need for the information or that the information is false, when Defendant Progressive Management furnished false and inaccurate information about Plaintiff's credit worthiness to credit reporting agencies with respect to the alleged debt.

WHEREFORE, Plaintiff, VIVIAN FERNANDES MACHADO, respectfully requests judgment be entered against Defendant, PROGRESSIVE MANAGEMENT, LP, for the following:

46. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

47. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

48. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

49. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 21, 2023         By: /s/ Shireen Hormozdi Bowman
                                 Shireen Hormozdi Bowman
                                 FL SBN: 0882461
                                 Hormozdi Law Firm, LLC
                                 1770 Indian Trail Lilburn Road, Suite 175
                                 Norcross, GA 30093
                                 Tel: 678-395-7795
                                 Fax: 866-929-2434
                                 shireen@agrusslawfirm.com
                                 shireen@norcrosslawfirm.com
                                 Attorney for Plaintiff